IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  23-cv-00883

DEBRA SCHMIDT, and
KELLY KOHLS,

     Plaintiffs,

v.

FALCON SCHOOL DISTRICT 49,
JOHN GRAHAM, individually and in his official capacity as
   president of the Board of Education of Falcon School District 49,
ROBERT KONZ, and
DAVID GLENN,

     Defendants.

---

**DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

Defendants, by and through undersigned counsel, respectfully moves this Court to alter or amend the Final Judgment entered on July 23, 2025, pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Defendants requests that the Court reduce the jury's awards of $2,500 against Defendant John Graham and $2,000 against Defendant Falcon School District 49 in "nominal damages" to $1.00 each. The jury's nominal damages awards exceed the symbolic function of such damages and are legally excessive under controlling precedent. In support of this Motion, Defendants states as follows:

1

## I. INTRODUCTION

Following a jury trial, the jury returned verdicts awarding Plaintiff $2,500 in nominal damages against John Graham and $2,000 in nominal damages against Falcon School District 49. During deliberations, the jury submitted a written question asking what the limit was for an award of nominal damages. In response, the Court instructed the jury that nominal damages could be as low as $1.00, and in some cases, as high as $1,000. The jury subsequently returned the awards above.

These awards are inconsistent with controlling law. Colorado law fixes nominal damages at $1. *See Colo. Inv. Servs., Inc. v. Hager*, 685 P.2d 1371, 1375 (Colo. App. 1984); *Mollinger-Wilson v. Quiznos Franchise Co.*, 122 F. App'x 917, 923–24 (10th Cir. 2004). Federal appellate courts likewise treat nominal damages as a trivial, noncompensatory sum and reduce larger "nominal" awards to $1. *See Chesapeake & Potomac Tel. Co. v. Clay*, 194 F.2d 888, 890 (D.C. Cir. 1952); *Williams v. Hobbs*, 662 F.3d 994, 1010–11 (8th Cir. 2011). While *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800–01 (2021), recognized that nominal damages can support standing, it did not alter the settled rule that such awards are traditionally small—often $1—and noncompensatory. Because the jury's awards here are inconsistent with this legal standard, the Court should amend the judgment to reflect the lawful amount of $1.00 for each defendant.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment to correct a clear error of law or prevent manifest injustice. *Servants of the*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The Rule allows a district court to conform its final judgment to controlling law.

This Motion is timely. Final judgment was entered on July 23, 2025. Under Rule 59(e), the deadline to file this Motion is 28 days later—August 20, 2025. This Motion is therefore properly before the Court.

## III. ARGUMENT

### A. Nominal Damages Are Limited to $1.00 and Cannot Serve a Compensatory or Punitive Function.

Federal courts have long treated nominal damages as a trivial, noncompensatory sum—often one dollar—awarded to vindicate a legal right without proof of actual injury, and not as a vehicle for compensatory or punitive awards. *See, e.g., Colo. Inv. Servs., Inc. v. Hager*, 685 P.2d 1371, 1375 (Colo. App. 1984) ("One dollar is nominal damages, as a matter of law"); *Mollinger-Wilson v. Quiznos Franchise Co.*, 122 F. App'x 917, 923–24 (10th Cir. 2004); *Williams v. Hobbs*, 662 F.3d 994, 1010–11 (8th Cir. 2011). In *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800–01 (2021), the Court held that a claim for nominal damages can satisfy the redressability element of Article III standing for a completed violation of a legal right, rejecting the view that nominal damages are "purely symbolic" or without benefit. Nothing in *Uzuegbunam* addressed—let alone altered—settled precedent limiting the amount of such awards in federal and Colorado law to a trivial sum.

Other federal appellate courts have echoed this. In *Chesapeake & Potomac Tel. Co. v. Clay*, the court explained that "[t]he term nominal damages means a trivial sum — usually one cent or one dollar — awarded to a plaintiff whose legal right has been technically violated but who has proved no real damage." 194 F.2d 888, 890 (D.C. Cir. 1952). The court went on to hold that "the verdict for nominal damages should be scaled down to $1.00, and a judgment awarding that sum to the plaintiff, with costs, should be entered." *Id.*

Likewise, in *Mollinger-Wilson v. Quiznos Franchise Co.*, the Tenth Circuit reversed a nominal damages award of $969.86 under Colorado law, emphasizing: "Colorado is specific that nominal damages are $1 — not more, not less." 122 F. App'x 917, 923–24 (10th Cir. 2004) (citing *Colo. Inv. Servs., Inc. v. Hager*, 685 P.2d 1371, 1375 (Colo. App. 1984) ("One dollar is nominal damages, as a matter of law.")). The court reaffirmed that "the amount of nominal damages which can be recovered is $1.00. In the present case, the jury's $2,500 and $2,000 nominal awards are plainly inconsistent with this legal standard.

This view is reinforced by the Eighth Circuit in *Williams v. Hobbs*, 662 F.3d 994 (8th Cir. 2011), which rejected the idea that nominal damages could be awarded in a cumulative or per diem fashion. In that case, the district court awarded $4,846 in nominal damages — $1 for every day the inmate was held in unconstitutional administrative segregation. The Eighth Circuit reversed and remanded, holding that "nominal damages are the appropriate means to vindicate constitutional rights whose deprivation has not caused an actual, provable injury," and that "one dollar is

recognized as an appropriate value for nominal damages." *Id.* at 1010–11. The court further explained that nominal damages must be symbolic, not compensatory, and may not be scaled to reflect the duration or severity of the violation. *See id.* This further confirms that nominal damages must remain trivial and fixed, not expressive or cumulative.

The disparity between *Williams* and this case further underscores the excessive nature of the jury's awards here. In *Williams*, the plaintiff spent nearly 14 years in unconstitutional administrative segregation, yet the Eighth Circuit held that only $1 in nominal damages was legally appropriate. In contrast, this case involves a single incident in which Plaintiffs were removed from one school board meeting based on their conduct involving signs. There was no ongoing deprivation, no physical restraint, and no attempt to even establish actual harm. Awarding $2,500 and $2,000 for a brief and isolated First Amendment violation would render the concept of "nominal" meaningless and conflict with binding authority limiting such awards to a symbolic sum.

Moreover, decisions that have approved higher nominal awards have overwhelmingly arisen in commercial contexts. For example, in *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1490–91 (5th Cir. 1990), the court vacated a $10,000 nominal damages award in a business contract case as excessive and remanded with instructions to limit the award to no more than $2,000. Although some courts have permitted elevated nominal damages in contract or commercial disputes — where

symbolic financial interests may be implicated—federal constitutional tort cases under § 1983 require nominal damages to remain fixed and purely symbolic. *See id.*

**B. The Jury's Question and the Court's Answer Confirm Jury Confusion.**

During deliberations, the jury asked what the limit was for an award of nominal damages. The Court instructed that nominal damages could be as low as $1.00 and, in some cases, as high as $1,000. Following this instruction, the jury returned awards that exceeded even that range.

The inflated damages suggest that the jury misunderstood its instructions and treated nominal damages as punitive or expressive. That interpretation is inconsistent with the legal role of nominal damages and justifies amendment of the judgment.

## IV. CONCLUSION

Because the jury's awards of $2,500 and $2,000 in nominal damages exceed the legally permissible amount, Defendants respectfully request that the Court amend the Final Judgment to reduce each nominal damages award to $1.00.

Dated this 12th day of August 2025

Respectfully submitted,

**MILLER FARMER CARLSON LAW, LLC**
*/s/ Bryce Carlson*
Bryce Carlson, Atty. Reg. #52509
5665 Vessey Road
Colorado Springs, CO 80908
Telephone: 970-744-0247
Email: bryce@millerfarmercarlson.com

**LAW OFFICE OF TROY D. KRENNING, LLC**
*/s/ Troy D. Krenning*
Troy D. Krenning, Reg. No. 35423
2908 Bent Drive
Loveland, CO 80538
Telephone: 970-310-5964
Email: troy@krenninglaw.com

## Certificate of Service

I hereby certify that on August 12, 2025, I electronically filed the foregoing MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) with the Clerk of the Court using CM/ECF system to the following:

Curt C Hartman
The Law Firm of Curt C. Hartman
7394 Ridgepoint Drive, Suite 8
Cincinnati, OH 45230
Telephone: (513) 379-2923
Email: hartmanlawfirm@fuse.net

Christopher P. Finney
Finney Law Firm, LLC
4720 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
Telephone: (513) 797-286
Email: Chris@finneylawfirm.com

*/s/Mandy Jones*

8